UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLIE VERNON, JR.,

        Petitioner,

v.                                Case No. 5:19-cv-493-J-34PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____

## ORDER DISMISSING CASE

Petitioner Charlie Vernon, an inmate of the Federal penal system, initiated this action on September 17, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). The Petition is before the Court for preliminary review pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (also applicable to petitions brought under 28 U.S.C. § 2241). Rule 4 requires the Court to "promptly examine" a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." For the reasons discussed below, the Petition is due to be dismissed because the Court lacks subject matter jurisdiction.

## Background

Vernon is a federal inmate currently incarcerated at Coleman Low Federal Correctional Institution within this district and division. In 2013, a jury in the Middle District of Florida - Tampa Division - found Vernon guilty of possession of twenty-eight grams or

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

more of crack cocaine with the intent to distribute (count one) and possession of a firearm by a convicted felon (count three). (Criminal Docket 81) <u>United States v. Charlie Vernon, Jr.</u>, 8:13-cr-115-T-30MAP (M.D. Fla.). The district court sentenced Vernon to a term of incarceration of 280 months in prison as to each count, with the sentences ordered to run concurrently. (C.R. Doc. 100). Vernon appealed, and the Eleventh Circuit Court of Appeal granted the government's motion for summary affirmance and dismissed the appeal. (C.R. Doc. 131).

On March 24, 2016, Vernon filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging that: (1) appellate counsel was ineffective for failing to respond to the government's motion for summary affirmance; (2) the government failed to prove that his prior convictions occurred on separate occasions; (3) the district court provided a coercive jury instruction and counsel failed to object to it; (4) his trial was fundamentally unfair where the district court did not suspend the trial due to Vernon's severe diabetes; and (5) the poor quality of his imprisonment as a diabetic violates the Eighth Amendment. (C.R. Doc. 134). The district court denied the § 2255 petition on the merits on November 18, 2016. (C.R. Doc. 137).

In 2019, Vernon filed the instant Petition, arguing that he is actually innocent because the district court read an incorrect jury instruction during his criminal trial. Petition at 3-9. Specifically, he asserts that the instruction read for count three did not include a provision instructing the jury that the government must prove that he knew he possessed a firearm and that he knew he was a convicted felon. <u>Id.</u> at 5. According to Vernon, he is actually innocent because "[t]he evidence including the jury instruction in this case was insufficient to convict Mr. Vernon's [sic] of violating §922(g) and §924(a)(2)." <u>Id.</u>

2

Additionally, he argues that he "is actually innocent of an ACCA violation, because he does not actually have the qualifying separate convictions for purposes of ACCA." Id. at 6.

**Discussion**

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). The claims raised in the instant Petition do not address the execution of Vernon's sentence, but its legality, as he contends that his convictions and sentences resulted from an improper jury instruction. Therefore, § 2255, not § 2241, is the appropriate statutory vehicle for Vernon's claims. Because Vernon has already filed and prosecuted a § 2255 motion attacking his convictions, which was denied on the merits, before pursuing the instant § 2255 motion to vacate, he must obtain authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). Vernon did not do this, and the Court cannot review his claims under § 2255 without such authorization. See, e.g., Benitez v. Warden, FCI Miami, 564 Fed. Appx. 497, 499 (11th Cir. 2014) (affirming dismissal of § 2241 petition alleging an illegal indictment, improper jury instructions, and prosecutorial misconduct). To the extent Vernon relies on McQuiggin v. Perkins, 569 U.S. 383 (2013) for the proposition that he must file claims of actual innocence via § 2241, McQuiggin does not support this legal argument. The United States Supreme Court in McQuiggin held only that a claim of actual innocence can overcome the one-year statute

3

of limitations for a state prisoner's initial petition for writ of habeas corpus. Id. at 1928. As such, McQuiggin does not entitle Vernon to challenge his conviction and sentences through a § 2241 petition.

Analyzing the Petition under § 2255(e), the "savings clause," which permits a federal prisoner to file a petition pursuant to § 2241 if a § 2255 motion "is inadequate or ineffective to test the legality of his detention," the Court finds that it is without jurisdiction to review the merits of his claims. 28 U.S.C. § 2255(e). The savings clause imposes a subject matter jurisdictional limit on petitions filed pursuant to § 2241. Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). In explaining the meaning of the phrase "inadequate or ineffective," the Eleventh Circuit has explained that a motion under § 2255 "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." McCarthan v. Dir. Of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017). Here, Vernon's claim concerning the jury instruction and his prior convictions were capable of adjudication in his § 2255 proceedings. See Benitez, 564 F. App'x at 499. Therefore, the savings clause does not apply. See McCarthan, 851 F.3d at 1099. Accordingly, the Petition is due to be dismissed for lack of jurisdiction.

**ORDERED:**

1. Vernon's Petition (Doc. 1) is **DISMISSED for lack of jurisdiction** and this case is **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing this case with prejudice, close this case, and terminate any pending motions.

**DONE AND ORDERED** in chambers, this 3d day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax - 8
c:
Charlie Vernon, Jr. #58250-018